UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LOPEZ, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COCA-COLA., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:13-cv-01217- LJO – JLT <br><br> ORDER DISMISSING PLAINTIFF'S <br> COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Pedro Lopez, Jr. initiated this action by filing a complaint on August 5, 2013. (Doc. 1). For the following reasons, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.      Pleading Requirements**

The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint in the District Court. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court explained,

1

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.    Plaintiff's Allegations

Plaintiff alleges he worked for Coca-Cola as a driver, but "was wrongfully terminated for not reporting an accident and falsyfing (sic) [his] DVR (Driver Vehicle Report)." (Doc. 1 at 1.) He asserts that he was not aware of the accident and his "vehicle had no visible damage." (*Id.*) Plaintiff asked his supervisor, Ron Hemingway, if there were "any call-ins" on his route, and Mr. Hemingway responded there were not. (*Id.*) However, Plaintiff contends Mr. Hemingway "knew about the accident but kept it from [him]." (*Id.* at 1-2.) According to Plaintiff, at that time he "was on [his] first week back from a previous termination that lasted 8 months." (*Id.* at 2.) Plaintiff contends he "wasn't retrained properly" and Mr. Hemingway "lied on his report to get [Plaintiff] terminated." (*Id.*) As a result, Plaintiff asserts he has "severe financial and emotional hardship." (*Id.*)

Plaintiff asserts he "received a right to sue letter" after the Equal Employment Opportunity Commission dismissed his case. (Doc. 1 at 1).

### III. Discussion and Analysis

Because Plaintiff does not specify the claims upon which his complaint stands, the Court is unable to determine if his "wrongful termination" allegation is based upon state or federal law. In the event that it is based upon state law, Plaintiff has not pleaded sufficient facts for the Court to determine it has diversity jurisdiction. Although Plaintiff alleges he received the right to sue letter from the EEOC, he does not allege sufficient facts for the Court to determine that it has subject matter jurisdiction.

Indeed, Plaintiff even fails to allege facts regarding when he was employed by Coca-Cola, the date of his termination, and when he received the letter from the EEOC. The Supreme Court explained:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). Consequently, the Court must dismiss Plaintiff's complaint because it is nearly devoid of facts.

### IV. Conclusion and Order

Plaintiff will be given an opportunity to file an amended complaint to plead sufficient facts such that the Court is able to determine the matter of its jurisdiction and what causes of action Plaintiff seeks to state against Defendant. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is advised that the Court cannot refer to a prior pleading in order to make his amended complaint complete. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once Plaintiff file an amended complaint, the original pleading no longer serves any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814

F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Complaint is **DISMISSED with leave to amend**; and
2. Plaintiff is GRANTED thirty days from the date of service of this Order to file his First Amended Complaint.

<u>Plaintiff is cautioned that failure to comply with this order by filing an amended complaint will result in a recommendation that this action be dismissed pursuant to Local Rule 110.</u>

IT IS SO ORDERED.

Dated:   **August 16, 2013**              **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE