UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LOPEZ, JR., ) | Case No.: 1:13-cv-01217- LJO -J LT |
| Plaintiff, ) | |
| ) | ORDER DISMISSING PLAINTIFF'S FIRST |
| v. ) | AMENDED COMPLAINT WITH LEAVE TO AMEND |
| COCA-COLA., ) | |
| Defendant. ) | |

Plaintiff Pedro Lopez, Jr. initiated this action by filing a complaint on August 5, 2013. (Doc. 1). The Court screened Plaintiff's complaint on August 19, 2013 to determine whether it has jurisdiction over the action, and dismissed Plaintiff's complaint with leave to amend. (Doc. 2). Pursuant to the Court's order, Plaintiff filed his First Amended Complaint on September 19, 2013. (Doc. 3).

For the following reasons, the Court finds Plaintiff has failed to provide information sufficient for the Court to determine that it has jurisdiction over his wrongful termination claim; and Plaintiff's First Amended Complaint is **DISMISSED with leave to amend.**

**I.      Pleading Requirements**

The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint in the District Court. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.   Plaintiff's Allegations

Plaintiff alleges he worked for Coca-Cola as a driver, but his employment was terminated on August 5, 2011. (Doc. 3 at 1). According to Plaintiff, he had previously been suspended from work, leading to a termination of his employment on December 10, 2010. *Id.* at 2. However, Plaintiff was re-instated to a different route on July 19, 2011. *Id.* Plaintiff asserts he "[r]eceived one day of training" which "consisted of a slide show and no hands on training" when he returned to work. *Id.* He reports that he asked Ron Hemingway, a supervisor, "for additional help and a ride along with another driver to

1 get a feel for the route and punching the accounts into the hand held." *Id.* However, Mr. Hemingway
2 denied Plaintiff's request for additional training. *Id.*

3      Plaintiff asserts he started driving his second day back at work, and that Mr. Hemingway said to
4 give him a call if there were any problems. (Doc. 3 at 3). Plaintiff alleges Mr. Hemingway "was
5 responding to [his] phone calls until the day of the accident" on July 27, 2011, when Plaintiff "couldn't
6 get in contact with him." *Id.*

7      On July 28, 2011, Plaintiff asked Mr. Hemingway if there were any "call-ins" on his route, and
8 Mr. Hemingway responded there were not. (Doc. 3 at 3). However, Plaintiff contends Mr. Hemingway
9 "was aware of the accident and kept it from [him]," because Mr. Hemingway received a complaint via
10 e-mail on the morning of July 27, 2011, which reported the Sharon Brown was upset because a driver
11 hit her building. *Id.* at 4, 22. Plaintiff reports he believed he "had brushed up against some tree
12 branches." *Id.* at 6. Plaintiff contends Mr. Hemingway "allowed [him] to continue driving a company
13 vehicle even though [Plaintiff] was involved in an accident" and Mr. Hemingway "didn't want to allow
14 [Plaintiff] time to report the accident." *Id.* at 5. Plaintiff reports he inspected the vehicle and did not
15 notice any damage. *Id.* at 4.

16      Plaintiff alleges that he had a meeting with Coca-Cola and union representatives on August 5,
17 2011. (Doc. 3 at 7). He was terminated for not reporting an accident and falsifying information on his
18 driver vehicle report. *Id.* at 8-9. However, Plaintiff believes "the company and Ron Hemingway
19 falsyfied [sic] the reports to get [him] terminated. *Id.* at 8.

20 **III.    Discussion and Analysis**

21      Because Plaintiff does not specify the claims upon which his complaint stands, the Court is
22 unable to determine if his "wrongful termination" allegation is based upon state or federal law. In the
23 event that it is based upon state law, Plaintiff has not pleaded sufficient facts for the Court to
24 determine it has diversity jurisdiction over the matter. Likewise, although Plaintiff alleges he received
25 the right to sue letter from the EEOC on May 22, 2013 (Doc. 3 at 37), he does not allege sufficient
26 facts for the Court to determine that it has jurisdiction over the matter.

27      If, for example, Plaintiff seeks to state a claim for a violation of Title VII, "the jurisdictional
28 scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the

EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989)).  Because Plaintiff has not provided any information regarding the EEOC charge, the Court is unable to determine whether it has jurisdiction over the wrongful termination claim, or if the state court is vested with subject matter jurisdiction.

### IV.     Conclusion and Order

Plaintiff will be given **one final** opportunity to plead sufficient facts such that the Court is able to determine the matter of its jurisdiction and what causes of action Plaintiff seeks to state against Defendant.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is advised that the Court cannot refer to a prior pleading in order to make his amended complaint complete.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, once Plaintiff file an amended complaint, the original pleading no longer serves any function in the case.   The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED with leave to amend**;
2. Plaintiff is GRANTED thirty days from the date of service of this Order to file a Second Amended Complaint; and
3. Plaintiff is cautioned that failure to comply with this order by filing an amended complaint will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 7, 2013**              **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE