UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LOPEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> COCA-COLA., <br><br> Defendant. | Case No.: 1:13-cv-01217- LJO -J LT <br><br> ORDER FINDING SERVICE OF PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 5) APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION WITHIN THIRTY DAYS |

Plaintiff Pedro Lopez, Jr. initiated this action by filing a complaint on August 5, 2013. (Doc. 1.) The Court screened Plaintiff's complaint on August 19, 2013 to determine whether it has jurisdiction over the action, and dismissed Plaintiff's complaint with leave to amend. (Doc. 2.) For the following reasons, the Court finds service of Plaintiff's Second Amended Complaint (Doc. 5) is appropriate.

## I.      Pleading Requirements

The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint in the District Court. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the plaintiff's claims in a plain and

succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

## II.     Plaintiff's Allegations

Plaintiff alleges he worked for Coca-Cola as a driver, but his employment was terminated on August 5, 2011. (Doc. 5 at 7). Plaintiff reports had previously been suspended from work, leading to a termination of his employment on December 10, 2010. (Doc. 3 at 2.) Plaintiff reports that in November 2012, he "was shop steward for the Full Service Department and spoke out in favor of one of [his] co-workers." (Doc. 5 at 1.) A month later, Plaintiff was "terminated for allegedly falsyfing (sic) [his] time sheet and stealing 13 min of company time." (*Id.*) According to Plaintiff, "another co-worker actually got caught at home numerous of times on company time and didn't get fired." Therefore, Plaintiff asserts this first suspension and termination occurred because his co-worker was white and Plaintiff is Hispanic. (*Id.* at 2.)

Plaintiff was reinstated as a driver, with a different route, on July 19, 2011. (Doc. 3 at 2.) He reports he was given one day of training, which "consisted of a slide show and no hands on training" when he returned to work. (*Id.*) Plaintiff asserts he was "accused of not reporting an accident and falsyfing (sic) [his] DVR book." (Doc. 5 at 2.) He alleges there "was no reportable damage to the vehicle" as a result of the accident. (*Id.*) However, according to Plaintiff, two other non-Hispanic drivers "had missing lights and their truck and they didn't report them on their DVRs…and no discipline ever came to them." (*Id.*)

On May 29, 2012, Plaintiff filed a complaint with California Department of Fair Employment and Housing and the EEOC, asserting he was discriminated against on the basis of race. (Doc. 5 at 7.) Plaintiff noted his supervisor, Ron Hemingway, informed him that Plaintiff's failure was "for failure to report an accident and falsifying paperwork," but Plaintiff's "non-Hispanic counterparts were not terminated for similar reasons." (*Id.*)

### III.    Discussion and Analysis

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a).  Further, Title VII provides it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). Here, Plaintiff alleges he suffered discrimination based upon his race in violation of Title VII.

"A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). To state a cognizable claim of disparate treatment, a plaintiff must show that (1) he belongs to a class protected by Title VII; (2) he performed

his job satisfactorily; (3) he suffered an adverse employment action; and (4) "the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell,* 493 F.3d at 1028 (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).

In this case, Plaintiff alleges he was a member of a protected class, and that he performed his job well for 13 years. (*See* Doc. 5 at 4-5.) Further, Plaintiff alleges he has suffered an adverse employment action given the termination of his employment. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008) (termination is an adverse employment action); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (same). Finally, Plaintiff has alleged that he was treated differently than his non-Hispanic coworkers who were not terminated for failure to report accidents on their DVRs, in spite of having visible damage to their trucks. Consequently, Plaintiff has stated a cognizable claim for a disparate treatment in violation of Title VII.

### IV.    Conclusion and Order

Plaintiff has stated cognizable claims for a violation of Title VII, and the Court has jurisdiction over this matter. Accordingly, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's Second Amended Complaint is appropriate for, and shall be initiated on Defendant.
2. The Clerk of the Court is directed to send Plaintiff two (2) USM-285 forms, two (2) summons, one (1) Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on November 7, 2013 (Doc. 5).
3. Within **thirty (30) days** from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
   a. One completed USM-285 form for the defendant listed above;
   b. One completed summons for the defendant listed above; and
   c. Three (3) copies of the endorsed complaint.
4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States

Marshal to serve Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. **Plaintiff is cautioned that failure to comply with this order will result in dismissal of the action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **December 16, 2013**                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE